[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11838
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-10017-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN RICHARD KOCIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 28, 2013)

Before CARNES, MARCUS, and KRAVITCH, Circuit Judges.

PER CURIAM:

After a jury trial, Steven Kocis was convicted of one count of conspiring to encourage or induce an alien to unlawfully enter the United States for the purpose of commercial advantage or private financial gain, in violation of 8 U.S.C. § § 1324(a)(1)(A)(iv), (A)(v)(I), and (B)(i), and two counts of alien smuggling for the purpose of commercial advantage or private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii).  He challenges on appeal his sentence of 36 months imprisonment.

## I.

The district court applied United States Sentencing Guidelines § 2L1.1 (Nov. 2011) to calculate Kocis' base offense level of 12.  The court then applied a 2-level enhancement based on Kocis' role as "an organizer, leader, manager, or supervisor" in criminal activity, U.S.S.G. § 3B1.1(c), resulting in a total offense level of 14.  Combined with a criminal history category of I, the applicable guidelines range was 15 to 21 months imprisonment.  However, the fact that Kocis committed his offenses "for the purpose of commercial advantage or private financial gain" triggered a 36-month mandatory minimum sentence, 8 U.S.C. § 1324(a)(2)(B)(ii),  which made his guidelines range 36 months imprisonment.  See U.S.S.G. § 5G1.1(b).  The district court sentenced Kocis to the statutory minimum of 36 months imprisonment.

## II.

2

Kocis contends that the district court erred by imposing the statutory minimum sentence of 36 months because the verdict form did not specifically ask the jury to indicate whether it found that he committed the charged offenses "for the purpose of commercial advantage or private financial gain"—the fact that triggered the 36-month mandatory minimum. According to Kocis, that is contrary to United States v. O'Brien, — U.S. —, 130 S. Ct. 2169 (2010), and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Because Kocis did not make that argument at sentencing, we review only for plain error. United States v. Dudley, 463 F.3d 1221, 1227 (11th Cir. 2006).

## III.

In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362–63. In O'Brien, the Court stated that "judge-found sentencing factors cannot increase the maximum sentence a defendant might otherwise receive based purely on the facts found by the jury." 130 S. Ct. at 2175. However, neither Apprendi nor O'Brien requires a particular format for the verdict form. All that is required is that the jury, not the judge, makes the factual finding that is used to enhance the defendant's sentence.

3

Here, the district court instructed the jurors that to find Kocis guilty of counts two and three, they "must find that the Government has proved . . . beyond a reasonable doubt . . . that the defendant's motive was commercial advantage or private financial gain."  After deliberations, the jury returned a verdict of guilty on both of those counts.  We presume that the jurors followed the instructions the court gave them.  Evans v. Sec'y, Fla. Dep't of Corr., 699 F.3d 1249, 1253 (11th Cir. 2012).  If the jury had not found that Kocis' motive was commercial advantage or private financial gain, it could not have returned a guilty verdict on counts 2 and 3.  The fact that the jury returned a guilty verdict on those counts can mean only one thing—that it found that Kocis' motive was commercial advantage or private financial gain.  Accordingly, the district court did not err—much less plainly err—by sentencing Kocis to 36 months imprisonment based on that fact.

**AFFIRMED.**